ALBERT E. GOODRICH et al., Plaintiffs in Error, v. THE CITY OF CHICAGO, Defendant in Error.

ERROR TO COOK.

The legislature, by the charter granted to the city of Chicago, authorized the city authorities to remove obstructions, and to widen, deepen and straighten the Chicago river and its branches to their sources, and to extend one mile into Lake Michigan. This grant did not create the obligation to do all these acts; and the city would not be liable to any party in damages for the non-performance of these permitted acts, unless it commences some of them and does them in so improper a manner that injury results therefrom.

If a party receives damage resulting from a sunken hulk in the harbor, he cannot recover of the city, because the city has not exercised the powers conferred upon it, to clear out the harbor.

THE demurrer in this case was decided at the April term, 1858.

This was an action on the case for damages sustained by the plaintiffs, by reason of an alleged obstruction of the Chicago river. The plaintiffs in their declaration allege, that the city by its charter was bound to remove all obstructions from the river, and that it had entered upon its duty by the passage of ordinances and levying taxes for that purpose. That the plaintiffs were the owners of a steamboat plying to and from Chicago; and that the defendant suffered the wreck of a vessel to remain in the river at the mouth of the harbor, under water and out of sight, upon which the plaintiffs' steamboat ran and was greatly damaged.

The defendant filed a general demurrer, which was *pro forma* sustained by the court below, and plaintiffs bring the case to this court.

The charter of the city of Chicago provides, that the common council shall have power, by ordinance, to do and perform the several acts following, as is shown by the following extracts:

" To remove and prevent all obstructions in the waters which are public highways in said city, and to widen, straighten and deepen the same."

" To preserve the harbor; to prevent any use of the same, or any act in relation thereto, inconsistent with or detrimental to the public health, or calculated to render the waters of the same, or any part thereof, impure or offensive, or tending in any degree to fill up or obstruct the same; to prevent and punish the casting or depositing therein any earth, ashes or other substance, filth, logs, or floating matter; *to prevent and remove all obstructions therein, and to punish the authors thereof;* to regulate and prescribe the mode and speed of entering and leaving the harbor, and of coming to and departing from the wharves and

streets of the city, by steamboats, canal boats, and other craft and vessels, and the disposition of the sails, yards, anchors, and appurtenances thereof, while entering, leaving or abiding in the harbor; and to regulate and prescribe, by such ordinances or through their harbor-master or other authorized officer, such a location of every canal boat, steamboat, or other craft, or vessel, or float, and such changes of station in and use of the harbor as may be necessary to promote order therein, and the safety and equal convenience, as near as may be, of all such boats, vessels, craft and floats; and may impose penalties not exceeding one hundred dollars for any offense against any such ordinance: and by such ordinance charge such penalties, together with such expenses as may be incurred by the city in enforcing this section, upon the steamboat, canal boat, or other vessel, craft or float. The harbor of the city shall include the piers and so much of lake Michigan as lies within the distance of one mile into the lake, and the Chicago river and its branches to their respective sources."

" To make, publish, ordain, amend and repeal all such ordinances, by-laws and police regulations, not contrary to the constitution of this State, for the good government and order of the city and the trade and commerce thereof, as may be necessary or expedient to carry into effect the powers vested in the common council or any officer of said city by this act; and enforce observance of all rules, ordinances, by-laws, and police, and other regulations made in pursuance of this act, by penalties not exceeding one hundred dollars for any offense against the same. The common council may also enforce such rules, ordinances, by-laws and police and other regulations as aforesaid, by punishment of fine or imprisonment, or both, in the county jail, bridewell or house of correction, in the discretion of the magistrate or court before which conviction may be had. Provided, such fine shall not exceed five hundred dollars, nor the imprisonment six months."

" To annually levy and collect taxes, not exceeding three and one-half mills on the dollar, on the assessed value of all real and personal estate in the city made taxable by the laws of this State, to defray the contingent and other expenses of the city not herein otherwise especially provided for; which taxes shall constitute the general fund."

" To abate and remove nuisances, and punish the authors thereof, by penalties, fine and imprisonment, and to define and declare what shall be deemed nuisances, and authorize and direct the summary abatement thereof."

The charter further provides, that " in all cases where expenses may be incurred in the removal of any nuisance, the common

Goodrich et al. *v.* City of Chicago.

council may cause the same to be assessed against the real estate chargeable therewith, in the manner prescribed in the foregoing section. Such expenses shall be likewise collectable of the owner or occupant of such premises in suit for money expended to his or their use. In case the same should not be chargeable to any real estate, suit may, in like manner, be brought for such expenses against the author of such nuisance, when known, or any person whose duty it may be to remove or abate the same."

ARNOLD, LARNED & LAY, for Plaintiffs in Error.

BECKWITH & MERRICK, for Defendant in Error.

CATON, C. J.  By the city charter of Chicago, authority is conferred upon the city to remove obstructions from, and to widen, deepen and straighten the harbor of Chicago ; and that harbor is declared to embrace the Chicago river and its branches to their sources, and to extend one mile into the lake.  This action is brought for neglecting to exercise the authority here conferred, to remove the hulk of a sunken vessel, near the mouth of the harbor, by reason whereof the plaintiffs had sustained damage.  To maintain this action we must hold, that the city is bound to exercise all the authority here conferred, and to do all the acts here authorized.  Such, we are satisfied, was not the intention of the legislature.  If they were liable to one party for the damage he has sustained by reason of their having neglected to do one of the acts authorized, they are equally liable to another, for the damages which he has sustained, because they omitted to do another of these acts ; and so they must do all that is here authorized, or be answerable for all the damages which may be suffered by the omission.  The courts cannot discriminate and say, you shall remove this wreck, but you need not remove that sand bar, or deepen the river in another place, or straighten it in another.  The law has either left it to the discretion of the common council to say which of these acts the public good requires them to perform, or it is imperative that they shall perform all.  Did the legislature ever intend that the municipal authorities should be absolutely bound to remove all obstructions in, and to straighten, widen and deepen the Chicago river and its branches to their sources, extending back as they do for more than twenty miles into the country ?  The very extent of the powers conferred, and the magnitude and expense of the work which they are authorized to perform, in reference to this harbor, show that it was never the intention of the legislature to impose the absolute obligation upon the city to perform it all, and if not all, then no part was imperative ; for no author-

ity is vested anywhere except in the common council of the city, to say what part it is necessary, expedient and proper that they shall perform. It does not follow, that no pecuniary responsibility rests upon the city in connection with the subject. If the city undertakes to do any of the acts authorized by the law, it must do them in a careful and proper manner; and if it does not, whoever suffers for the want of such proper care would be entitled to compensation for the damages he thus sustains. If the city authorities had undertaken to remove this hulk, and in so doing had carelessly left it in an exposed position, by reason whereof the plaintiffs' steamer had run against it and was injured, they might well have claimed damages for such negligence. But until they had assumed the responsibility of removing the wreck, we cannot hold that they were bound to remove it, any more than to remove the sand bar at the mouth of the harbor, or to remove driftwood from the North Branch ten miles above the city. We think the demurrer to the declaration was properly sustained, and the judgment must be affirmed.

*Judgment affirmed.*