## KELLEY VS. THE CITY OF MILWAUKEE.

Where an authority is conferred upon a city council in *permissive* language, it is still imperative upon them to exercise it, if other persons have an absolute right to have it exercised.

But where the power is properly discretionary, the corporation is not liable for a refusal to exercise it.

Whether it is the absolute duty of city authorities to abate all public nuisances, so that the city is liable for damages caused by a neglect to do so, as it is in the case of a neglect to keep streets in repair, is not here determined.

Courts cannot hold that cattle or swine running at large in a city are necessarily a nuisance, although it may be in the power of the city council, under its charter, to declare them so.

Although the city of Milwaukee has power, by its charter, to restrain the running at large of such animals, yet a complaint which alleged special damage to the plaintiff by reason of the council's neglecting to pass any ordinance upon that subject, did not show a cause of action.

APPEAL from the County Court of *Milwaukee* County.

This action was commenced before a justice of the peace, and a judgment rendered for the plaintiff. On appeal to the county court, the facts alleged in the complaint having been proven, the jury, under the direction of the court, returned a verdict for the defendant; and judgment was rendered accordingly, from which the plaintiff appealed.

*Gridley & Pratt,* for appellant, argued that the running at large of swine is a nuisance at the common law, citing 3 Blacks. Comm., 216–7; 1 Hawkins P. C., 360; *Mayor &c., of Baltimore v. Marriott,* 9 Md., 178; 2 Whart. Crim. Law (5th Ed.), secs. 2370, 2373; *Hackney v. State,* 8 Ind., 495; *Lansing v. Smith,* 8 Cow., 146, 156; *Walker v. Shepardson,* 2 Wis., 396; *Stetson v. Faxon,* 19 Pick., 147, 161: 1 Burr., 336; 1 Russ. on Crimes, 348; *Gosselink v. Campbell,* 4 Iowa, 301; *Levy v. The City of New York,* 1 Sandf., 465. 2. It is a nuisance by the terms of the city charter, which empowers the common council " to restrain the running at large of swine, &c., and to authorize the distraining and sale of the same." 3. The duty of the city as to removing nuisances is co-extensive with the authority conferred. Grant on Corp., §§ 154, 168–9, and notes

g, h, 283, 285, 501–2; Ang. & A. on Corp., § 383; 3 Hill, 712; 11 Wend., 540; 5 Seld., 163, 168–9; id., 461–2; 16 N. Y., 159; 9 Md., 160; 1 Black, 31, 39; 9 Wis., 311–13; 14 id., 586, &c. The duty is imperative although the authority is conferred in *permissive* terms. 4 Hill, 712–15; 9 Wis., 312; 10 id., 271, 280–81; 5 Seld., 173, 168; 9 How. (U. S.), 248. 4. For any neglect or omission of duty by a municipal corporation, and for neglecting to do what the common good requires, by which a nuisance is permitted or created, an indictment lies. And where an indictment will lie, an action for damages will lie at the suit of any individual specially injured. Grant on Corp., 284 and notes d, f; 1 Wheat. Cr. Law, sec. 87, and notes d, j, k, secs. 88–90; 1 id., 2374–5; 23 Eng. C. L., 33; 3 Hill, 712, &c.

*Jas. G. Jenkins*, City Attorney, for respondent.

*By the Court*, PAINE, J. The plaintiff in this action seeks to hold the city of Milwaukee liable for damages done by a hog which was running at large in the streets, and entered the plaintiff's premises and injured some clothes. The reasoning upon which the liability is attempted to be maintained, is that the city has power, under its charter, "to restrain the running at large of cattle, swine, sheep, poultry and geese," and also "to abate nuisances," and that by reason of neglecting to pass any ordinance to restrain hogs from running at large, it became liable for all damages that they might occasion to individuals while running at large. The counsel cites an indefinite number of cases to show that where a corporation is bound absolutely to perform any ministerial duty, it is liable for damages occasioned by its non-performance or negligent and unskillful performance. Most of the cases were for damages occasioned by the neglect to repair highways, in which the liability is well established.

But the same cases, and others cited by the respondent, show that where the power conferred is discretionary, to be

exercised or not according to the judgment of the council as to whether the public interest requires it, the corporation is not liable to any action for deciding that the public interest does not require it. I do not deem it necessary to refer to them in detail, for the argument of the plaintiff's counsel concedes that if the power was discretionary, the city cannot be held liable for the mere failure to pass an ordinance. The point where we are compelled to differ from him is where he claims that the duty to pass such an ordinance is absolute, and purely ministerial. It is certain that the charter does not purport to impose it as an absolute duty. The language used only grants the power. Yet it is true, as contended, that in some cases, where an authority is conferred in permissive language merely, it is still held to be imperative if third persons have an absolute right to have it exercised. But it is obvious that this principle cannot be applied to discretionary powers. For so soon as it is determined that it is discretionary whether to exercise the authority or not, it follows that there are no persons who have the right to insist on its exercise. To determine whether such a power is discretionary or not, the nature of the power itself, and the rights of individuals in respect to its exercise, must be looked at. When this is done, it seems obvious that the power here in question is to be classed with the great mass of discretionary powers conferred on municipal corporations to pass by-laws and ordinances relating to the government of the city, which powers are to be exercised according to the judgment of the common council as to its necessity or expediency. Indeed the charter so expressly provides. It says that the common council may pass, alter, amend, repeal or modify such ordinances, by-laws, &c., for the purposes specified, " as they shall deem expedient." Laws of 1852, pp. 80–81. It is entirely similar in its character to many of the other powers conferred: as for example, " to prevent the running at large of dogs," to prevent horse-racing and immoderate riding or driving in the streets, to restrain drunkards, &c. in the streets,

to restrain runners and solicitors for boats &c., " to restrain the driving of animals on the sidewalks," and many other powers that might be referred to.

In all these cases, though individuals have a general interest in having the matters wisely regulated, they have no absolute right to any specific regulation, but are bound by the judgment of the common council as to what the public interest requires. *Goodrich v. Chicago*, 20 Ill., 445.

But the plaintiff's counsel also contends that a hog running at large is a nuisance, and that the city, having the power to abate nuisances, was bound to abate this, and liable for its failure to do so. The actual abatement of a nuisance is certainly more a ministerial act than the passage of an ordinance. And if it should be established that it was the absolute duty of cities to abate nuisances, in the same manner that it is to keep streets in repair, the cases relied on might be applicable to show that they would be liable for a neglect of such duty But it is not necessary to examine how far such liability may exist, for the reason that it has never been established and cannot be held, that a hog or other animal running at large is necessarily a nuisance in the legal sense of that term. The counsel attempts to prove them so by applying to them the general legal definition of a nuisance, that it is anything that worketh hurt, inconvenience or damage, or " tends to the annoyance of the king's subjects." But if this definition were applied indiscriminately, it would abate a great many things that have never been held to be nuisances. He refers to the old authorties holding that swineyards in cities are nuisances. But they show that swine become nuisances by being shut up, instead of running at large.

The only correct conclusion seems to be, that although such animals may occasion inconvenience and annoyance by running at large, yet they are not *per se* nuisances, but are subject only to such regulation as the municipal authorities may determine. Undoubtedly the annoyance from them might be-

come so great that they might be declared nuisances. That was done by the ordinance in the case of *Gosselink v. Campbell,* 4 Iowa, 301. But until that is done, the annoyance, subject to such legal remedies as the party may have against the owner, is one among the many we have to experience by reason of the failure of those to whom discretionary power is entrusted, to make the wisest use of it.

The judgment is affirmed.