## COLLINS *vs.* THE MAYOR, ETC., OF MACON.

1. The powers and duties of municipal corporations are legislative or judicial and ministerial. For a failure to perform the first, or for errors of judgment committed in their performance, the corporation is not liable; for neglect to perform ministerial duties, or for negligent, improper or unskillful performance thereof, the corporation is liable.

(*a.*) *Aliter*, where the act complained of is entirely outside of the general or special powers of the corporation.

2. Cities (unless acting under some special grant of power), like individuals, must so use their own property as not to damage that of another.

3. All persons owning lands have power to ditch and embank them so as to protect them from freshets and overflows. But to render a city liable for allowing an embankment on its land to be destroyed, it must appear that there was an imperative duty to maintain the same.

4. Intention to dedicate property to public use is essential to a dedication, but this may be proved by acts showing an assent that property should be so used and enjoyed.

(*a.*) The mere use of the corporate property of a city by it for a particular purpose, is not a dedication of such property for that purpose forever.

5. Without special statutory authority by which it is made the duty of a municipal corporation to erect, or, after erecting, to maintain dykes, walls or levees to prevent the waters of a natural stream within the corporate limits from overflowing its banks and damaging a citizen's premises, no recovery can be had against the corporation for causing or permitting the destruction of such works voluntarily erected by it on its commons or the corporate domain, though they may have stood for a great length of time and been trusted to by the adjacent landholder both in making his original purchase and in making his improvements.

6. A duty to erect and maintain works to protect a bridge belonging to the corporation does not raise an obligation to keep such works on foot for other purposes, such as preventing damage to citizens by overflow.

JACKSON, C. J., concurred specially.

October 31, 1882.

Municipal Corporations. Damages. Dedication. Be-

fore Judge SIMMONS.    Bibb Superior Court.    April Term, 1882.

Reported in the decision.

R. W. PATTERSON; W. DESSAU, for plaintiff in error.

HILL & HARRIS; S. H. JEMISON, for defendants.

SPEER, Justice.

This was an action for damages by the plaintiff in error against the defendant, which was dismissed on demurrer, to which judgment exception was taken, and error assigned thereon.

The declaration alleged, that plaintiff was the owner of certain city lots in Macon, with dwellings thereon; that before he became the owner, and made said improvements, the defendant, "for the protection of the inhabitants in the neighborhood of their property," constructed a levee, the distance of one hundred and fifty yards, on its own land, said levee being necessary for the protection of the people dwelling between the levee and 5th Street, which extends from the bridge northwardly, said levee being built and serving its purpose for more than fifteen years prior to 1st of January, 1876; that soon after that time defendant, over the protest of plaintiff, sold said land and levee constructed thereon, and conveyed the same to certain persons, who declared their intention of destroying said levee, which they did,—which destruction left the lots of petitioners exposed to every rise in the river, and the flooding and destruction of the same; and afterwards by reason of a rise in said river, the lots of defendant were overflowed and damaged, and his tenants forced to vacate the houses thereon for a long space of time, to his damage, etc.

By an amendment to his writ, he further alleged said levee was constructed " for the purpose of protecting the

eastern pier or abutment of the city bridge, over said stream, from the rise and overflow of the same, etc.; and that said levee was constructed by defendant under its charter and within the scope thereof."

The question made here is, do the averments made in the declaration set forth such a cause of action as would entitle the plaintiff, on proof thereof, to a recovery? The court below held that they did not, sustained the demurrer and dismissed plaintiff's suit, to which he excepted.

1. Municipal corporations are the creatures of statute. They possess no powers or faculties not conferred upon them, either expressly or by fair implication, by the law which creates them or other statutes applicable to them. Powers and duties of a municipal corporation under its charter consist of acts which are legislative or judicial in their nature, and those which are purely ministerial. For the failure to perform the first, or for errors of judgment committed in their performance, the corporation is not responsible, for they are deemed to be a part of the state's power, and, therefore, under the same immunity. For ministerial acts the rule is different, as damages may be recovered either from the neglect to perform them, or from performing them in an unskillful, negligent or improper manner. 2 Thompson on Neg., 731; 20 Ill., 445; 9 N. Y., 459; 1 Sanford, S. C., 465; 65 *Ga.*, 379. But this liability, for ministerial acts is further qualified, for if the act complained of lies wholly outside of the general or special powers of the corporation as conferred, in its charter or by statute, the corporation can in no event be liable, whether it directly commanded the performance of the act, or whether it be done by its officers without this express command, for a corporation cannot, of course, be impliedly liable to a greater extent than it could make itself by express corporate vote or action.

But if the tortious act complained of be done by its officers under its previous direct authority, or when it has been ratified and adopted, expressly or impliedly, by it,

or when done by its agents or servants in the execution of corporate powers, or the performance of corporate duties of a ministerial nature, and was done so negligently or unskillfully as to injure others, then it would be liable. 2d Dillon, §968.

2. As to the property held by a corporation, the rule is, that it is liable for the improper management and use of its property to the same extent and in the same manner as private corporations and natural persons are, and unless they are acting under some valid special legislative authority, they must, like individuals, use their own so as not to injure that which belongs to another. 19 Pick., 511 ; 102 Mass., 489.

3. Under certain sections of the city charter, we are inclined to think the city had an implied permissive authority for the preservation and protection of its property from floods or overflows, as well as in promoting the security, welfare and health of the city, to erect this levee on its own land. Moreover, the general law of the state authorizes all persons who own, or may hereafter own lands, to ditch and embank them, so as to protect the same from freshets and overflows. Code, §2232. The city owned the lands upon which this levee was built, and the construction of it did no harm; but the complaint is that its permissive destruction by the purchaser from the city caused the damage. But was there imposed upon the city, under its charter, any special or public duty, either before or after the sale of the lands, either to build or to keep up this levee? To charge a corporation in an action for negligence, the law must have imposed an imperative duty upon it, so as to make that neglect culpable. Shear. & Red. on Negligence, §123 ; 56 Maine, 407 ; 32 Barb., 634. To make a corporation liable for an omission to perform a duty enjoined by law, it must be established that the duty has been imposed absolutely and imperatively. 2 N. Y., 165.

4, 5, 6. But it is insisted by plaintiff in error, that though no liability may spring from this omission of duty, unless enjoined by law, yet the erection of this levee, and its maintenance for over fifteen years, was a dedication of the same to public use, and under this dedication, security to the lands of plaintiff was assured, and the withdrawal of this dedication and destruction of the levee, without authority of law, and over the protest of plaintiff, gives this right of action against the defendant. While this is the argument addressed to this court, yet the declaration makes no such case by its averments, and we are considering the case as made by the record. Would it be insisted, that if a natural person erected a levee on his own land, to protect it from floods and to promote health, which likewise operated to protect adjoining lands, that the removal of such levee by the builder and proprietor, and thus to restore the floods to their natural and usual outlets, would give a right of action? We think not. But is this a dedication under the facts as set forth in the writ? Dedications are of two kinds—statutory and common law dedications. The dedication must be by the owner, or one who has some interest in the land. Moreover, there must be an intent on the part of the owner, to dedicate, and this is absolutely essential, and unless such intent, in the absence of writing, can be found in the facts and circumstances of the particular case, no dedication exists. It is true, this intention may be established by parol evidence of acts or declarations which show an assent on the part of the owner of the land that it should be enjoyed for public use. But to deprive the proprietor of his land, the intent to dedicate must clearly and satisfactorily appear. 2 Dillon, §636; 44 *Ga.*, 539; 45 *Ib.*, 342; 53 *Ib.*, 609.

Were every averment in plaintiff's writ to be established by proof, there would be still wanting the evidence of intent to dedicate this work to the public use. The words of the writ negative such an intent; for in an

amendment to the writ it is averred said levee was con-structed by the defendant "to protect and preserve the abutment of the bridge."

The use of the corporate property for a particular pur pose by the corporation is not a dedication of the prop-erty for such a purpose forever. When the title in fee to a piece of land is in the corporation, although pur-chased by it for a market, the land is not thereby dedi-cated for market purposes, though constantly used for that purpose for forty years, but the market may be changed or abandoned, and the tax payer cannot object. 2 Dillon, §636; 18 Ohio, 563; 17 How. (U. S.), 426. It would be a most impolitic and unwise rule to hold that property, once used or appropriated for a particular pur-pose by a corporation, is ever held dedicated to such use, and that a change of that use gives a right of action. In the language of this court, in the case of *Tuggle vs. Mayor of Atlanta*, 57 *Ga.*, 114, such a policy "would ignore the mayor and council as agents of thought, and treat them as agents of work only. It would virtually deny them power to plan and manage, and grant but the power to execute. It would set up courts and juries as their overseers, and make the mode, if not the time, of effecting public improvements conform to the opinion in the jury box, rather than to opinion in the council chamber."

If the averments in this writ alleged such facts as amounted to a special dedication of this levee by the city to public use, to prevent overflows and damages there-from to lands adjoining, then there might have been im-posed a duty, possibly, to maintain this levee, and an omis-sion to perform this duty might be culpable negligence and give a cause of action; but the pleadings make no such case, and it is unnecessary to decide this question.

Our conclusion, therefore, is without special statutory authority, by which it is made the duty of a municipal corporation to erect, or, after erecting, to maintain dykes, walls or levees to prevent the waters of a natural stream

within the corporate limits from overflowing its banks and damaging a citizen's premises, no recovery can be had against the corporation for causing or permitting the destruction of such works substantially erected by it on its commons, or the corporate domain, though they may have stood for a great length of time and been trusted to by the adjacent landholder, both in making his original purchase and in making his improvements; and that a duty to erect and maintain works to protect a bridge belonging to the corporation, does not raise an obligation to keep such works on foot for other purposes, such as preventing damage to citizens by overflow.

Judgment affirmed.

CRAWFORD, Justice, concurred.

JACKSON, Chief Justice, concurred specially. He said that if it had been alleged that the city had sold and granted the flooded lands since the construction of the levee, and received more therefor by reason of the levee, it could not afterwards destroy the embankment or connive at its destruction. But such facts did not appear.