### 33895. CITY OF ATLANTA v. LEAKE.

JORDAN, Justice.

This court granted certiorari to review the holding of the Court of Appeals in *Leake v. City of Atlanta,* 146 Ga. App. 57 (245 SE2d 338) (1978).

Mrs. Jewel P. Leake filed this action against the City of Atlanta seeking damages for the wrongful death of her husband, alleging that the city had permitted a sewer drain in the vicinity of their home to become clogged, thereby creating a nuisance. She alleged that while the city maintenance crew was attempting to unclog the sewer with a high pressure water hose a member of the crew dropped the hose which then jerked violently around, striking her husband in the head, from which injuries he died. The city's motion for summary judgment was granted by the trial court and reversed by the Court of Appeals. We have reviewed the holding of the Court of Appeals in this case and reverse.

The Court of Appeals erred in applying the holding in *Town of Ft. Oglethorpe v. Phillips,* 224 Ga. 834 (165 SE2d 141) (1968), to the facts of this case. In that case the facts show that the Town of Fort Oglethorpe had created and was maintaining a nuisance dangerous to life or health and that during the continual operation and maintenance of the nuisance, the plaintiff was injured as a direct result of the nuisance. Such is not true under the facts of the case under consideration.

The undisputed evidence adduced on the motion for summary judgment shows that the maintenance of the alleged nuisance, if one existed, was not the cause of the injury to the plaintiff's husband. It is not alleged or contended that any damage resulted to the Leakes' property from the ponding of the water resulting from the clogged drain. The undisputed facts show that Mr. Leake was injured when he ventured close by to witness the operation. When he was injured the city was engaged in the correction or abatement of the alleged nuisance and by no stretch of the imagination could it be said that his

injury was due to the "maintenance" of the alleged nuisance. The fact that a neighbor's property might have been damaged from the ponding of the water does not give rise to a nuisance as to the Leakes. The striking of Mr. Leake by the hose was a one time occurrence which could not in itself be termed to be a nuisance. See *City of East Point v. Terhune,* 144 Ga. App. 865 (242 SE2d 728) (1978) and *City of LaGrange v. Whatley,* 146 Ga. App. 174 (246 SE2d 5) (1978).

In the recent case of *Mayor &c. of Savannah v. Palmerio,* 242 Ga. 419 (249 SE2d 224) (1978), this court set forth a detailed analysis of the Georgia law on municipal tort liability for maintenance of a nuisance. See Division 3 of that opinion, (a) thru (i). Under the facts of this case as developed on the motion for summary judgment, the plaintiff could not recover under any of the principles stated therein.

The Court of Appeals erred in reversing the grant of a summary judgment by the trial court.

*Judgment reversed. All the Justices concur, except Hill, J., who concurs in the judgment only.*

Argued September 12, 1978 — Decided January 24, 1979.

*Ferrin Y. Mathews, Charles M. Lokey,* for appellant.
*Pye, Groover & Pye, Durwood T. Pye, Tom Pye,* for appellee.