## 58289. SCOTT v. CITY OF MILLEN.

Sognier, Judge.

1. In its order granting summary judgment the trial court recited that the "entire file" had been considered. Accordingly, the enumeration of error asserting that the court erred as a matter of law "in failing to consider all of the depositions on file in the matter" is without merit. *General Motors Corp. v. Walker,* 244 Ga. 191 (259 SE2d 449) (1979).

2. Plaintiff brought this wrongful death action in two counts. As to Count 1, based on negligence, defendant states in its brief: "The substantive issue in this case turns on whether or not the City of Millen operated Lincoln Park and the swimming pool therein [in which plaintiff's minor child was drowned] as a governmental function." That question must be answered in the affirmative so that the city is shielded from negligence claims by the doctrine of governmental immunity ( *Cornelisen v. City of Atlanta,* 146 Ga. 416 (91 SE 415) (1916); *Petty v. City of Atlanta,* 40 Ga. App. 63 (148 SE 747) (1929)). However, as to Count 2, the city's motion does not pierce the pleadings as to the allegations of maintaining a nuisance. *City of Bowman v. Gunnells,* 243 Ga. 809 (256 SE2d 782) (1979). Having failed to do so, the grant of summary judgment is sustained as to Count 1 and must be reversed as to Count 2.

*Judgment affirmed in part; reversed in part. McMurray, P. J., and Banke J., concur.*

SUBMITTED OCTOBER 15, 1979 — DECIDED FEBRUARY 1, 1980.

*Bobby Jones,* for appellant.
*Julian P. Cheney,* for appellee.