## 68047. JOHNSON v. CITY OF ATLANTA.

CARLEY, Judge.

In 1980, the appellee-defendant municipality operated a summer camp program at the Grant Park Recreation Center. The then twelve-year-old appellant-plaintiff attended this summer camp. According to appellant's evidence, a $20 entry fee was initially charged and then $3 up to $4.50 was paid for each week that he attended the camp.

On the day in question, appellant was "tumbling" on mats which had been placed on a recently mopped floor at the park recreation center. According to appellant, after he had "flipped" on the mat, he "sat on . . . water and . . . slid into the wall." Appellant attributed

the water on the floor of the recreation center to the recent mopping and attributed his resulting injuries to the negligence of appellee's employees in placing the tumbling mats on that surface.

Appellant instituted a civil action against appellee seeking damages for the injuries allegedly sustained as a result of appellee's negligence. Appellee answered, raising among its other defenses that of municipal immunity with regard to the summer camp it operated at Grant Park. Based upon this defense, appellee subsequently moved for summary judgment. The trial court granted appellee's motion, from which order appellant brings this appeal.

1. Appellant does not dispute the fact that Grant Park is maintained by appellee primarily for the use of the public. He does assert that the fact that a fee was charged for his attendance at the summer camp at the Grant Park Recreation Center renders the defense of municipal immunity nonviable.

" 'Where a city maintains a park primarily for the use of the public, intended as a place of resort for pleasure and promotion of health of the public at large, its operation is in virtue of the governmental powers of the municipality, and no municipal liability would attach to the non-performance or improper performance of the duties of the officers, agents, or servants of the city in respect to keeping the park safe for use by members of the general public. It would not affect the public character of the duties of the officers, agents, or servants of the city that a purely incidental profit might result to the city from its operation or management of the park. But if the city, having charter authority, maintains the park primarily as a source of revenue, the duty of maintaining it in a safe condition for the use for which it is intended would be ministerial, and municipal liability would attach for breach of such duty.' [Cit.] . . . The test neatly bars the door to most municipal activity. Cities don't operate facilities *primarily* as a source of revenue, and the legislature does not ordinarily give this kind of charter authority." (Emphasis in original.) *City of Atlanta v. Mapel*, 121 Ga. App. 567, 570 (174 SE2d 599) (1970).

Based upon the foregoing, it is clear that providing a summer camp for children at the Grant Park Recreation Center is an act which comes within the scope of maintaining the park primarily for the use of the public. "It should be fundamental that any city activity or operation is carried on *primarily* for the public benefit, even if for only a limited segment of the public." (Emphasis in original.) *City of Atlanta v. Mapel*, supra at 570. There is nothing to show that appellee has charter authority to maintain the summer camp primarily as a source of revenue or that the initial entry fee and subsequent weekly charges for attending that camp were anything other than "a purely incidental profit." The trial court did not err in granting summary judgment based upon appellee's municipal immunity defense. See

*Cornelisen v. City of Atlanta*, 146 Ga. 416 (91 SE 415) (1916); *City of Atlanta v. Mapel*, supra.

2. Appellant further contends that genuine issues of material fact remained with regard to whether appellee's operation of the summer camp constituted the maintenance of a nuisance. The issue of nuisance was nowhere raised in appellant's pleadings and is apparently raised for the first time in the context of this appeal. Not having been raised in the trial court, appellant's nuisance theory cannot be considered on appeal. See *Gerald v. Ameron Automotive Centers*, 145 Ga. App. 200, 202 (2) (243 SE2d 565) (1978). Compare *Scott v. City of Millen*, 153 Ga. App. 231 (2) (265 SE2d 30) (1980).

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

DECIDED JUNE 22, 1984.

*James B. Drew, Jr.*, for appellant.
*Marva Jones Brooks, Marion K. Smith*, for appellee.