## 41397. ROBINSON v. CITY OF DECATUR.
(325 SE2d 752)

MARSHALL, Presiding Justice.

This is an action by a minor, by next friend, against the City of Decatur, to recover damages for injuries sustained by her, at the age of six years, in her near drowning in the Glenn Lake swimming pool, which was owned and operated by the defendant municipality. The complaint was based on the theories of negligence and nuisance. The plaintiff appeals from the grant of the defendant's motion for summary judgment. We affirm.

1. OCGA § 36-33-1 provides: "Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable." It has been held uniformly in this state that the operation of public recreational swimming facilities, primarily for public benefit rather than for revenue producing, is a governmental function, so that the city is shielded from negligence claims by the doctrine of governmental immunity. *Scott v. City of Millen,* 153 Ga. App. 231 (2) (265 SE2d 30) (1980) and cits. The appellant contends that this Code section is unconstitutional on its face and as applied, in that it violates the appellant's federal and state rights to equal protection of the law and due process of law, and enables a city to escape liability by merely passing an ordinance authorizing the operation of a swimming pool and declaring that it is for the benefit of the public at large, hence is a governmental function. However, it has been held that the statutory bar of sovereign immunity to suit in tort is not a deprivation of property without just compensation, nor a denial of either equal protection or due process under the federal or state constitutions. *City of Cave Spring v. Mason,* 252 Ga. 3 (310 SE2d 892) (1984); *Williams v. Ga. Power Co.,* 233 Ga. 517 (212 SE2d 348) (1975); *Azizi v. Bd. of Regents,* 132 Ga. App. 384 (208 SE2d 153) (1974); *City of Atlanta v. Mapel,* 121 Ga. App. 567 (174 SE2d 599) (1970).

2. The evidence here was that the operation of the swimming pool was primarily for public benefit, thus making it a governmental function, so that the city is shielded from negligence claims by the doctrine of governmental immunity. The grant of summary judgment was correct with respect to the negligence claim.

3. The grant of summary judgment was correct as to the nuisance claim, because the factors set out in *City of Bowman v. Gunnells,* 243 Ga. 809, 811 (2) (256 SE2d 782) (1979), did not exist here. The doc-

trine of attractive nuisance, discussed in *Gregory v. Johnson*, 249 Ga. 151 (289 SE2d 232) (1982), is not applicable, because that provides a standard of care of negligence, which does not apply in this sovereign immunity situation.

4. The purchase of general liability insurance by the municipality does not waive sovereign immunity. *Winston v. City of Austell*, 123 Ga. App. 183 (179 SE2d 665) (1971).

The grant of summary judgment in favor of the defendant municipality was not error.

*Judgment affirmed. All the Justices concur, except Hill, C. J., Smith and Weltner, JJ., who dissent. Clarke, J., concurs specially.*

DECIDED FEBRUARY 13, 1985.

*Teddy R. Price,* for appellant.
*Theodore Freeman, G. Randall Moody,* for appellee.

CLARKE, Justice, concurring specially.

I concur in the result reached by the majority because it is mandated by the laws of this state in effect at the time the cause of action arose, July 31, 1980. In my view the result would have to be different had the injury occurred on or after January 1, 1983, when Art. I, Sec. II, Par. IX, as designated in the 1983 Constitution, went into effect.

The sovereign immunity of municipal corporations, OCGA § 36-33-1, is a codification of the holding of this court in *Collins v. Mayor &c. of Macon*, 69 Ga. 542 (1882). See History Section, OCGA § 36-33-1; Vol. I, Preface, Code of Georgia, 1895; Sentell, Statutes of Nonstatutory Origin, 14 Ga.L.Rev. 239 (1980). In *Collins*, this court held that a city was not liable in performing acts of a legislative or judicial nature "for they are deemed to be a part of the state's power, and, therefore, under the same immunity." *Collins*, supra at 544.

The Georgia Constitution as voted on and ratified by the citizens now provides a waiver of sovereign immunity of the state and its departments and agencies for claims covered by liability insurance. 1983 Constitution, Art. I, Sec. II, Par. IX. Constitutional principles and public policy would dictate that this waiver be applied to all sovereign immunity cases arising after the effective date of this amendment. However, the application of these principles and policies must wait until the proper case.

HILL, Chief Justice, dissenting.

On Thursday, July 31, 1980, six-year-old Cassandra Robinson was found in seven feet of water at the bottom of Glenn Lake swimming pool which is owned and operated by the defendant, City of De-

catur. As a result of being submerged for approximately three minutes, Cassandra suffered brain damage and permanent loss of mental capacity. Due to her learning disability, Cassandra is unable to participate in the normal education program and she is enrolled in a special disabilities learning program. Although not required to be alleged, it is undoubtedly true that her father has incurred medical and other expenses as a result of her injuries.

The City of Decatur charges an admission fee and provides life guards at its pool. It is alleged that the life guards employed on the day of this event were inadequately trained in their duties and were themselves inattentive to their responsibilities.

In my view, by application of the doctrine of sovereign immunity Cassandra and her father have been deprived of life, liberty and property without compensation, and thus have been denied due process of law in violation of the 14th Amendment. For me, this inhumane result is compounded by the defendant's apparent use of public funds to purchase liability insurance covering this tragic occurrence. I therefore dissent.

I am authorized to state that Justice Smith joins in this dissent.

WELTNER, Justice, dissenting.

It is a wise axiom that a hard case can make bad law. The converse of that is equally true — hard law can make a bad case.

The tragedy here reflected came about because the City of Decatur undertook to operate a public swimming pool, which is doubtless a worthwhile endeavor. The record reflects that the city charged admission to those using the swimming pool. It does not reflect whether or not the city, at the time of the little girl's injury, had obtained a policy of liability insurance which would be applicable to claims arising out of the operation of the pool.

Yet, that factor should be determinative of the outcome of this case.

The purpose of sovereign immunity is, of course, to protect the public body. Somewhere in the distant past, after we departed from the concept that the King can do no wrong, a public judgment was made (and has endured) that, as between an individual injured by the negligence of public agents and the members of the public body, it is better that the single citizen bear the injury than that its burden be cast upon the citizenry as a whole.

But the realities of modern life have intruded into this sovereign preserve. OCGA § 33-24-51 (a) authorizes a municipal corporation to secure and provide insurance to cover liability for damages "arising by reason of ownership, maintenance, operation, or use of any motor vehicle by the municipal corporation. . . ." OCGA § 33-24-51 (c) provides that the municipal corporation shall be liable "only for damages

suffered while the insurance is in force but in no case in an amount exceeding the limits or the coverage of the insurance policy."

Admittedly, this record is silent as to the existence of insurance, and the claim before us does not arise out of the operation of a motor vehicle. Yet, the statute can only be expressive of the policy that, where the reason for the rule terminates (that is, where there is insurance to cover liability), the rule itself (sovereign immunity) should terminate. Stated otherwise, when there is no jeopardy to the public treasury, the traditional choice — either unrequited damage to an individual or reparations from the public treasury — no longer need be made.

In my opinion, we would preserve both the public interest and the critical needs of this child by remanding the case to the trial court to determine whether or not there was in effect at the time of the injury a policy of liability insurance, and, given an affirmative answer, fix the extent of any liability of the city not to exceed the policy limit.