71836, 71837. REA v. BUNCE et al. (two cases).
(347 SE2d 676)

BEASLEY, Judge.

Appellant-plaintiffs Mr. and Mrs. Rea filed separate negligence actions against the City of Clarkesville, City Manager Bunce, Street and Sanitation Supervisor Parks, W. L. Jorden & Associates, W. L. Jorden & Co., W. L. Jorden individually, and Superior Signal Co. Mrs. Rea had been injured from fumes as a result of smoke testing of sewer lines by Jorden in the performance of a service contract with the city. He had used smoke testing devices manufactured by Superior Signal. Plaintiffs amended their complaints to assert a cause of action in nuisance against Bunce and Parks. The three Jorden defendants were dismissed with prejudice pursuant to OCGA § 9-2-5 (a), and the city was dismissed on the basis of sovereign immunity.

The trial court granted Bunce and Parks summary judgment, concluding that they were "being sued in their capacity as officers and agents of the City," that neither the pleadings nor the facts "tend to show that any act complained of was done in any manner other than with the utmost good faith on the part of the city officers," and that "[a]s agents of the city, defendants are shielded by the doctrine of Derivative Immunity since suing them amounts to suing the city itself." Citing *City of Atlanta v. Leake*, 243 Ga. 20 (252 SE2d 450) (1979), the court also explained that a cause of action in nuisance was

unavailable to plaintiffs because "the alleged damages occurred not in the maintenance of, but rather in the abatement of the alleged nuisance." Superior Signal was left as sole defendant.

On appeal plaintiffs challenge the summary judgment to Bunce and Parks as well as the dismissal of the city on sovereign immunity grounds. Their cases are consolidated on appeal.

1. Summary judgment to Bunce and Parks.[1] Plaintiffs sued Bunce and Parks in their official capacities and not as individuals; the complaints allege that "[a]s City Manager, Bunce is responsible for injuries sustained by plaintiff," and "as an employee of the City of Clarkesville, Parks is responsible for injuries sustained by plaintiff." They assert acts of negligence "in failing in years past to adequately maintain and clean said sewer lines, . . . [in] failing to notify plaintiff of the chemical substances to be injected within the sewer lines . . . [,] [in] injecting within said sewer line system a dangerous chemical substance which was known or should have been known to cause allergic reactions in certain persons . . . [,] [and in] failing to exercise care for the safety of the citizens of said city." By amended complaint, plaintiffs assert acts constituting nuisance: "their failure to properly maintain and repair the sewer lines . . . , as well as the failure to properly identify the repairs which were needed by their direct participation in and the directing, supervising and controlling of the City of Clarkesville, Georgia employees in the smoke study tests . . ."

a) Negligence. OCGA § 36-33-1 provides: "Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable."

" 'The construction, installation and maintenance of a sewer-drainage system . . . is a governmental function of the city. [Cits.] "It seems well settled in this State that in the negligent performance of its governmental duties a municipal corporation is not liable in damages to one who is injured while the municipality is engaged in the performance of such duties." [Cits.]' [Cits.]" *Turk v. City of Rome*, 133 Ga. App. 886, 887 (1) (212 SE2d 459) (1975). The issue is thus whether the city's immunity extends to its agents.

"Members of the council and other officers of a municipal corporation shall be personally liable to one who sustains special damages as the result of any official act of such officers if done oppressively, maliciously, corruptly, or without authority of law." OCGA § 36-33-4.

---

[1] Although defendant Superior Signal remains in the suit, plaintiffs' appeals are not premature. Defendants Bunce and Parks were granted summary judgment, and the granting of summary judgment is subject to direct appeal. *Southeast Ceramics v. Klem*, 246 Ga. 294 (1) (271 SE2d 199) (1980).

"Malice may consist in personal spite or in general disregard of the right consideration of mankind, directed by chance against the individual injured." *City of Hawkinsville v. Wilson & Wilson*, 231 Ga. 110, 111 (3) (200 SE2d 262) (1973).

Plaintiffs do not assert that Bunce's and Parks' actions were oppressive, corrupt or without authority of law.

As to malice, plaintiffs argue that defendants acted in "total disregard for human life and safety." Their complaints, however, allege only that defendants knew or ought to have known of the dangers of the smoke testing and that they failed "to exercise care for the safety of the citizens of [the] city." Even if these are sufficient allegations of malice, a review of the record reflects no evidence to support the allegations so as to raise a jury issue.

Plaintiffs next contend that the immunity "derived from" the city was waived as a result of the city's alleged waiver of sovereign immunity by the purchase of liability insurance.

Plaintiffs' argument fails, first, because the purchase of general liability insurance by a municipality does not waive sovereign immunity, *Robinson v. City of Decatur*, 253 Ga. 779, 780 (4) (325 SE2d 752) (1985), and second, even if the contrary were true, we find no authority for the position that a waiver of immunity under Ga. Const. 1983, Art. I, Sec. II, Par. IX, by maintaining liability insurance, affects the agent or officer's immunity provided by OCGA § 36-33-4.

Summary judgment for Bunce and Parks was proper on the issue of negligence.

b) Nuisance. " 'A municipal corporation, like any other individual or private corporation, may be liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or municipal function.' " *Rainey v. City of East Point*, 173 Ga. App. 893, 894 (328 SE2d 567) (1985), citing *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 426 (3g) (249 SE2d 224) (1978). "While it is true that a municipal corporation is not liable for its acts of negligence in discharging a governmental function, yet a municipal corporation cannot, under the guise of performing a governmental function create a nuisance dangerous to life or health." *Mayor &c. of Savannah*, supra at 426.

Plaintiffs assert as nuisance the failure to properly maintain and identify the repairs needed on the sewer lines. However, the record reflects that the maintenance of this alleged nuisance was not the cause of Mrs. Rea's injury. The complaints clearly allege that Mrs. Rea was injured by the smoke testing of the sewer system, a step taken to correct or abate this alleged nuisance. As the Supreme Court concluded in *City of Atlanta v. Leake*, 243 Ga. 20, supra: "When [plaintiff] was injured the city was engaged in the correction or abatement of the alleged nuisance and by no stretch of the imagination

could it be said that [plaintiff's] injury was due to the 'maintenance' of the alleged nuisance." The fact that the city might have placed "the safety of the citizens of said city" in jeopardy, as alleged in the amended complaints, does not give rise to a right of action in nuisance as to plaintiffs. Id. at 21.

Nor could the smoke testing of the sewer system be termed a nuisance since there are no allegations that this was other than a one time occurrence. " 'The act must be of some duration (two weeks in [*Town of Fort Oglethorpe v. Phillips*, 224 Ga. 834 (165 SE2d 141) (1968)], four hours held insufficient in *Roberts* [133 Ga. App. 585 (211 SE2d 615) (1974)], and the maintenance of the act or defect must be continuous or regularly repetitious ([*Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419 (249 SE2d 224) (1978)] and *Roberts*, supra.).' " *Whiddon v. O'Neal*, 171 Ga. App. 636, 638 (320 SE2d 601) (1984). Moreover, there is no evidence that the municipality failed to act within a reasonable time after knowledge or constructive notice of the defect or dangerous condition, yet another requirement for recovery in nuisance. *Mayor &c. of Savannah*, supra; *Whiddon*, supra. Cf. *City of Columbus v. Myszka*, 246 Ga. 571 (1) (272 SE2d 302) (1980).

Therefore, because the city could not be held liable for a cause of action in nuisance, neither can Bunce and Parks, who were acting in their official capacities. Summary judgment on the issue of nuisance was proper.

2. Plaintiffs next enumerate as error the dismissal of the city on the grounds of sovereign immunity.

Appellees assert that this issue has not been properly raised in that it was not included in the notice of appeal,[2] and the order challenged is not a final judgment, the appeal therefore being premature.

Because it is clear from the enumerations of error that plaintiffs seek to appeal from the trial court's dismissal of the city, as well as the grant of summary judgment for Bunce and Parks, the failure to include the dismissal of the city in the notice of appeal does not prevent our review of this matter. "Where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination of the foregoing, what judgment or judgments were appealed from or what errors are sought to be asserted upon appeal, the appeal shall be considered in accordance therewith notwithstanding that the notice of appeal fails to specify definitely the judgment appealed from or that the enumeration of errors fails to enumerate clearly the errors sought to be reviewed." OCGA § 5-6-48 (f); *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980).

---

[2] A motion to amend the notice of appeal was filed before this court and was dismissed for lack of jurisdiction. OCGA §§ 5-6-37; 5-6-48 (d); *Teppenpaw v. Blalock*, 121 Ga. App. 320, 321 (1) (173 SE2d 442) (1970).

Plaintiffs may also challenge the city's dismissal at this time even though it is not a final judgment under OCGA § 9-11-54 (b) because, "when a direct appeal is taken, any other judgments, rulings or orders rendered in the case and which may affect the proceedings below may be raised on appeal and reviewed and determined by the appellate court." *Southeast Ceramics*, supra at 295; *Vlasz v. Schweikhardt*, 178 Ga. App. 512 (343 SE2d 749) (1986).

Thus, jurisdiction is proper.

For the reasons discussed in Division 1, the city was properly dismissed on the basis of sovereign immunity.

*Judgments affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 3, 1986.

*Douglas W. McDonald, P. Gerald Cody, Jr.*, for appellant.
*W. Seaborn Jones, Martha McGhee Glisson*, for appellees.