## 74541. BROCKMAN v. BURNETTE.
(360 SE2d 655)

BANKE, Presiding Judge.

The appellant was injured in an automobile collision which occurred on March 14, 1984, within the city limits of Forest Park. The driver of the other car had failed to stop at an intersection at which the city normally maintained a stop sign but at which no stop sign was present on this occasion. On September 3, 1985, the appellant filed suit against the second driver and the City of Forest Park, alleging that the city had been aware that the stop sign was missing prior to the collision and had been negligent in failing to replace it.

It is undisputed that at the time of the accident the city was insured under a general liability insurance policy. The trial court granted the city's motion for judgment on the pleadings, concluding that because the maintenance of the stop sign was a governmental function, the city was immune from liability for its alleged negligence in failing to replace it. We granted the appellant-plaintiff's application for interlocutory review. *Held*:

The Supreme Court's recent decision in *Martin v. Ga. Dept. of Public Safety*, 257 Ga. 300 (357 SE2d 569) (1987), is dispositive of the immunity issue and mandates reversal of the grant of judgment on the pleadings to the city in the present case. *Martin* held that the purchase of a comprehensive liability policy insuring employees of the Georgia Department of Public Safety against liability resulting from the negligent performance of their official duties resulted in a waiver of sovereign immunity by the state to the extent of such insurance coverage. While *Martin* did not involve a municipality, the Court, in a footnote, overruled *Robinson v. City of Decatur*, 253 Ga. 779 (325 SE2d 752) (1985), and *Rea v. Bunce*, 179 Ga. App. 628 (347 SE2d 676) (1986), two cases wherein it had been held that the purchase of liability insurance by a municipality did *not* constitute a waiver of sovereign immunity under the Georgia Constitution as it existed prior to 1983. Specifically, the Court ruled that "[i]nsofar as [*Rea v. Bunce*, supra, and *Robinson v. City of Decatur*, supra] are inconsistent with 1983 Const., Art. I, Sec. II, Par. IX, they must be and hereby are overruled." *Martin*, supra at footnote 1.

We recognize that when, in 1986, the Legislature amended OCGA § 36-33-1 to provide that a municipal corporation waives sovereign immunity to the extent of any applicable liability insurance coverage it has purchased, it specified that the amendment was not to be construed "to affect any litigation pending on July 1, 1986." Ga. L. 1986, p. 1312, § 1, effective July 1, 1986. Arguably, it may be inferred from the language of this amendment that the Legislature did not intend for the 1983 constitutional provision to be self-executing, with the result that, with respect to suits filed prior to July 1, 1986, the purchase of liability insurance by a municipality was not intended to result in an automatic waiver of immunity. However, the 1983 constitutional provision is by its terms self-executing, and the *Martin* decision clearly stands for the proposition that, as of the provision's effective date in 1983, it results in an automatic waiver by a municipality of the defense of sovereign immunity to the extent of any applicable general liability insurance coverage carried by the municipality. Applying the mandate in *Martin* to the present case, we hold that the trial court erred in granting judgment on the pleadings to the City of Forest Park.

*Judgment reversed. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 8, 1987.

*Warner R. Wilson, Jr.,* for appellant.
*Brady D. Green, Neal C. Scott,* for appellee.