S93A1563. CITY OF THOMASVILLE v. SHANK et al.

(437 SE2d 306)

HUNT, Presiding Justice.

Carol Shanks and other co-plaintiffs brought suit against the City of Thomasville (the City) after her home was flooded with raw sewage. The City filed a motion for summary judgment, arguing that it was protected by sovereign immunity and that no nuisance existed. The trial court denied the City's motion. The City appeals the denial of its motion for summary judgment, and we affirm.

1. "Both municipal immunity from tort liability and municipal responsibility for nuisance are historic principles of Georgia law." Sentell, *Municipal Liability in Georgia: The "Nuisance" Nuisance,* 12 Ga. St. B. J. 11, 59 (1975); in other words, the doctrine of sovereign immunity and the nuisance exception which makes municipalities liable for maintaining a nuisance have co-existed for many years in this state. Thus, although it enjoys the protection of sovereign immunity in negligence actions,

> [a] municipality like any other individual or private corporation may be liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or a ministerial function. [Cits.]

*Town of Fort Oglethorpe v. Phillips,* 224 Ga. 834, 837-838 (165 SE2d 141) (1968). This exception to sovereign immunity is based on the principle that

> a municipal corporation can not, under the guise of performing a governmental function, create a nuisance dangerous to life and health or take or damage private property for public purpose, without just and adequate compensation being first

paid.

*Delta Air Corp. v. Kersey*, 193 Ga. 862, 870 (20 SE2d 245) (1942).

The common law doctrine of sovereign immunity achieved constitutional status in Georgia through an amendment to the Georgia Constitution, approved in 1974, which provided for immunity except as waived. *Health Facility Investments v. Ga. Dept. of Human Resources*, 238 Ga. 383, 385 (233 SE2d 351) (1977), citing *Azizi v. Bd. of Regents*, 233 Ga. 487 (212 SE2d 627) (1975). Subsequent to the passage of this amendment, we upheld the well-settled validity of the nuisance exception in suits against municipal corporations. See, e.g., *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419, 426 (249 SE2d 224) (1978); *City of Columbus v. Myszka*, 246 Ga. 571 (272 SE2d 302) (1980). The 1983 amendment to the state constitution, incorporated into Art. I, Sec. II, Par. IX, set forth a provision for an insurance waiver; still, though the statute provided for sovereign immunity except as waived, a municipality's liability in nuisance cases continued to exist. *Moon v. City of Eatonton*, 184 Ga. App. 114 (361 SE2d 6) (1987).

The City argues that the 1990 amendment to the Constitution eliminated the insurance waiver provision, substituting in its stead a Tort Claims Act waiver, and that under the language of this amendment it is entitled to the protection of sovereign immunity because the legislature has not enacted legislation which specifically provides for the waiver of sovereign immunity for municipalities in nuisance cases. Pretermitting this question, since the effective date of the 1990 amendment we have acknowledged the continuing validity of the nuisance exception. See, e.g., our recent case *City of Atlanta v. MARTA*, 262 Ga. 743 (425 SE2d 862) (1993). Accordingly, we reaffirm the longstanding principle that a municipality is liable for creating or maintaining a nuisance which constitutes either a danger to life and health or a taking of property. This holding is not in conflict with the 1990 amendment as that amendment deals with the concept of waiver, and in the case of nuisance we are dealing not with a waiver of but an exception to sovereign immunity.

2. The City goes on to argue, in essence, that the injury about which Shank complains was the result, not of a nuisance, but of an exercise of governmental function, and since a municipality cannot be held liable for simple negligence in cases in which governmental functions are involved, the trial court erred in denying its motion for summary judgment. Under OCGA § 9-11-56 (c), a party moving for summary judgment must show that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. In this case the parties vigorously dispute the extent and duration of the

conditions leading to this action against the City. Since it appears that there is, as the trial court ruled, a question of fact as to the issue of nuisance, the trial court correctly declined to take this issue from the jury.

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 2, 1993.

*Alexander & Vann, William C. Sanders,* for appellant.
*Charles A. Gower,* for appellees.