A99A2466. GOODEN et al. v. CITY OF ATLANTA.
(531 SE2d 364)

POPE, Presiding Judge.

Barbara Gooden, individually and on behalf of her deceased minor son, filed a complaint against the City of Atlanta alleging that the manner in which the City operated the Oakland City swimming pool constituted a nuisance and caused the death of her young son. Specifically, Gooden alleged that the City allowed children to enter the pool area unsupervised, failed to repair damaged fences to keep young children out of the pool, and did not provide proper security or supervision of the pool. The City filed a motion for summary judgment which the superior court granted, and Gooden appeals. We conclude that the grant of summary judgment was proper, and we affirm.

In her sole enumeration of error, Gooden argues that there was sufficient evidence for a jury to conclude that the manner in which the pool was operated created an actionable nuisance for which the City was liable. Specifically, Gooden claims that the gate to the pool was open or that the fence was damaged and that no security personnel were in the pool area at the time of the accident. The City argues

that because Gooden failed to present evidence that the pool was an actionable nuisance, summary judgment was proper.

There is no dispute in this case that the pool was owned, maintained, managed and operated by the City of Atlanta. The evidence showed that on the date of the accident, June 15, 1996, the pool apparently had not yet opened to the public for the summer; the pool was being filled with water at the time of the accident. There was evidence that the drowning victim had been playing with another child in the pool area immediately before the accident. The evidence was not clear concerning the manner in which the children had entered the pool area.

In responding to the motion for summary judgment, Gooden attempted to show that the pool constituted a nuisance by citing twenty-four incidents which had occurred at or near the pool during the two previous swimming seasons. These incidents began in July 1993; the last one occurred on August 9, 1995. The previous incidents involved a variety of crimes or problems, including: disorderly conduct, drug use, gun use, fighting, rape and theft. The evidence also showed several incidents of vandalism which had occurred at the pool in which the fence had been damaged and trash had been thrown into the pool. The only incident involving an injury which occurred in the pool was an incident on July 16, 1995, in which a swimmer stepped on glass in the pool. Gooden presented no evidence of any incident which had occurred at the pool in the ten months before the incident. Furthermore, there was no evidence of any other physical injuries which had been caused by the pool itself.

In evaluating the propriety of summary judgment in this case, we first turn to the applicable statutes. OCGA § 36-33-1 (a) states in pertinent part that the public policy of this state is that "there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be immune from liability for damages." Subsection (a) then discusses the effect of the purchase of liability insurance on a municipality's liability.[1] Subsection (b) of the statute states: "[m]unicipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers." Subsection (b) continues: "[f]or neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable."

In other words, municipalities are not liable for negligence in the performance of governmental, as opposed to their ministerial functions.

---

[1] In this case, the City did not have applicable insurance and the provisions regarding insurance do not apply.

It has been held uniformly in this state that the operation of public recreational swimming facilities, primarily for public benefit rather than for revenue producing, is a governmental function, so that the city is shielded from negligence claims by the doctrine of governmental immunity. *Scott v. City of Millen*, 153 Ga. App. 231 (2) (265 SE2d 30) (1980).

(Citations omitted.) *Robinson v. City of Decatur*, 253 Ga. 779 (1) (325 SE2d 752) (1985), overruled on other grounds, *Martin v. Dept. of Pub. Safety*, 257 Ga. 300, 303 (357 SE2d 569) (1987).[2]

Despite this immunity for negligent acts, a municipality may be liable for damages it causes from creating or maintaining a nuisance:

While a municipality enjoys sovereign immunity from liability for negligent acts done in the exercise of a governmental function, it may be liable for damages it causes to a third party from the creation or maintenance of a nuisance. [Cit.] The difficulty arises in determining what conduct or act on the part of a municipality will result in the creation or maintenance of a nuisance, as opposed to an action in negligence. In *City of Bowman v. Gunnells*, 243 Ga. 809, 811 (2) (256 SE2d 782) (1979), this Court established guidelines for determining whether a municipality will be liable for creating or maintaining a nuisance: the defect or degree of misfeasance must exceed mere negligence (as distinguished from a single act); the act complained of must be of some duration and the maintenance of the act or defect must be continuous or regularly repetitious; and there must be a failure of municipal action within a reasonable time after knowledge of the defect or dangerous condition.

*Hibbs v. City of Riverdale*, 267 Ga. 337-338 (478 SE2d 121) (1996). See also *Grier v. City of Atlanta*, 200 Ga. App. 575 (408 SE2d 794) (1991); *City of Atlanta v. Chambers*, 205 Ga. App. 834, 837 (5) (424 SE2d 19) (1992).

The superior court properly granted the motion for summary judgment here because Gooden failed to present evidence sufficient to create a jury issue as to nuisance. Compare *City of Eatonton v. Few*, 189 Ga. App. 687 (1) (377 SE2d 504) (1988) (jury issue created on nuisance when evidence presented that pool was dirty and

---

[2] In *Martin v. Dept. of Pub. Safety*, 257 Ga. at 303, *Robinson* was overruled to the extent that it was inconsistent with Art. I, Sec. II, Par. IX, of the 1983 Ga. Constitution. Despite the various changes to the law of sovereign immunity since the *Martin* decision, *Robinson*'s pronouncement that the operation of a pool in these circumstances is a governmental function remains good law.

impeded lifeguards' visibility of bottom and City received repeated notice of this condition). First, there was no evidence that the specific misfeasance which caused the tragedy here had occurred before. In other words, there was no evidence that the City had previously left the fence open and then allowed a child into an unattended pool. Similarly, there was no evidence that the "act complained of" was of any duration or that the City failed to act within a reasonable time after knowledge of the defect or dangerous condition. Instead, the evidence Gooden produced showed, at most, a single act of negligence. See generally *Rainey v. City of East Point*, 173 Ga. App. 893, 894 (328 SE2d 567) (1985). Accordingly, we find no error.

*Judgment affirmed. Smith and Miller, JJ., concur.*

DECIDED MARCH 15, 2000.

*Thomas M. West*, for appellants.
*Susan P. Langford, Yeun S. Jo, Kendric E. Smith*, for appellee.