### A01A1859. WRIGHT v. CITY OF COCHRAN.
(558 SE2d 844)

ANDREWS, Presiding Judge.

William Wright appeals from the trial court's grant of summary judgment to the City of Cochran on his claim for damages after being shot by a co-worker, Robert Bullard. Wright claimed that the City created and maintained a nuisance when it did not fire Bullard after a previous attack on a co-worker. We disagree and affirm.

Wright and Bullard both worked for the City in the Solid Waste Department. On the day of the attack, Wright arrived at work early, parked his car, and went inside the building to eat breakfast. Bullard arrived shortly after and became angry when he saw that Wright had taken up two parking spaces. An altercation ensued and ended with

---

[1] 245 Ga. App. 250 (537 SE2d 703) (2000).
[2] *Butler v. Turner*, 274 Ga. 566 (555 SE2d 427) (2001).

Bullard shooting Wright in the shoulder.

Wright filed a workers' compensation claim which was denied because the injury occurred before his work shift, was the result of a personal dispute with a co-worker, and was unrelated to his job.

Wright then filed a claim against the City, alleging that it had negligently hired and retained Bullard and maintained an unsafe work environment. Wright later filed an amendment to the complaint stating that the City maintained a nuisance by not firing Bullard.

The City filed a motion for summary judgment, contending that sovereign immunity barred Wright's negligent hiring and retention claims and Wright's claim of nuisance was legally insufficient. The trial court granted the motion, and this appeal followed.

Wright's only argument on appeal is that the trial court incorrectly granted summary judgment on his nuisance claim.

"While a municipality enjoys sovereign immunity from liability for negligent acts done in the exercise of a governmental function, it may be liable for damages it causes to a third party from the creation or maintenance of a nuisance." *Gooden v. City of Atlanta*, 242 Ga. App. 786, 788 (531 SE2d 364) (2000). "Under Supreme Court guidelines, there must be the maintenance of a dangerous condition on a continuous or regular basis over a period of time in which no action or inadequate action is taken to correct the condition after knowledge thereof." (Punctuation and emphasis omitted.) *City of Atlanta v. Chambers*, 205 Ga. App. 834, 837 (5) (424 SE2d 19) (1992).

Here, the record shows that Bullard, who was at least 70 years old and had worked for the City since 1950, had only one other altercation with a co-worker. In that incident, Bullard put a rubber snake on the time clock, and it scared another employee who got angry and hit Bullard. There was a struggle, and Bullard pulled out a knife and cut the other man. With the exception of this one fight, which was not instigated by Bullard, the evidence was that Bullard had never been involved in any other fight or altercation and had never shot or threatened to shoot anyone.

Accordingly, the evidence shows that there was no previous incident which would have put the City on notice that its employee would shoot a co-worker. It follows that the City cannot be held liable for the "maintenance of that dangerous condition after knowledge thereof." (Emphasis omitted.) *Chambers*, supra at 838 (5).

*Judgment affirmed. Eldridge and Miller, JJ., concur.*

316

*David L. Venable*, for appellant.
*Rita J. Llop, Melvyn J. Williams*, for appellee.