**THIRD DIVISION
ANDREWS, P. J.,
DILLARD and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**November 7, 2013**

# In the Court of Appeals of Georgia

A13A1344. CITY OF ATLANTA v. DURHAM et al.

ANDREWS, Presiding Judge.

The City of Atlanta appeals from the trial court's order denying its motion to dismiss the complaint filed after Janice Durham was killed during the demolition of a house owned by the City. Yekeisha Durham, the administrator of the estate of Janice Durham, and Eric Durham, Janice Durham's son, filed the complaint alleging that the City of Atlanta and the company that was hired to perform the demolition were negligent in not checking to make sure that the house was empty before beginning the demolition, and were also negligent in not shutting off the gas to the house before starting the demolition. The complaint and amended complaint also raised claims of nuisance, breach of contract, negligent hiring and negligent supervision.

The City filed a motion to dismiss, arguing that it was entitled to sovereign immunity on all claims. The trial court denied the motion, holding that the City was in lawful control and possession of the property at Daniel Street and had a "non-delegable ministerial duty to make sure that the property was safely demolished and that the demolition complied with the legal regulations that require certain pre-conditions before a demolition can occur." The trial court also held that whether the house created a nuisance was an issue for the jury and noted that a municipality, like any other corporation, may be liable for the operation and maintenance of a nuisance, irrespective of whether it is exercising a governmental or ministerial function.

The City appeals the denial of the motion to dismiss as to the negligence claims.[1] Because we conclude that the City was entitled to sovereign immunity on these claims, we reverse in part.

"A motion to dismiss brought under OCGA § 9-11-12 (b) (6) for failure to state a claim upon which relief can be granted should be granted only when: the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and . . . the movant

[1] The City is not appealing the denial of the motion to dismiss on the claims for nuisance and breach of contract.

establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought." *Common Cause/Georgia v. City of Atlanta*, 279 Ga. 480, 481 (614 SE2d 761) (2005).

In this case, the City has moved to dismiss on the grounds that the claims are barred by sovereign immunity. "Sovereign immunity is not an affirmative defense (see OCGA § 9-11-8 (c)) that must be established by the party seeking its protection. Instead, immunity from suit is a privilege that is subject to waiver by the State, and the waiver must be established by the party seeking to benefit from the waiver." *Steinberg v. City of Atlanta*, 213 Ga. App. 491, 493 (444 SE2d 873) (1994).

The applicable Code section is OCGA § 36-33-1, which provides:

(a) Pursuant to Article IX, Section II, Paragraph IX of the Constitution of the State of Georgia, the General Assembly, except as provided in this Code section and in Chapter 92 of this title, declares it is the public policy of the State of Georgia that there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be immune from liability for damages. A municipal corporation shall not waive its immunity by the purchase of liability insurance, except as provided in Code Section 33-24-51 or 36-92-2, or unless the policy of insurance issued covers an occurrence for which the defense of sovereign immunity is available, and then only to the extent of the limits of such insurance policy. This subsection shall not be construed to affect any litigation pending on July 1, 1986.

3

(b) Municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or improper or unskillful performance of their ministerial duties, they shall be liable.

Thus, municipalities have been subject to suit for negligent performance or nonperformance of their ministerial functions while enjoying immunity from suit for the negligent performance or nonperformance of their governmental functions. See OCGA §§ 36–33–1; 36–33–2. Activities that are undertaken primarily for public benefit rather than for revenue production are governmental functions and the City is shielded from negligence claims by sovereign or governmental immunity. See *Gooden v. City of Atlanta*, 242 Ga. App. 786, 788 (531 SE2d 364) (2000) (operation of public recreational swimming facilities, primarily for public benefit rather than for revenue producing, is a governmental function, so that the City is shielded from negligence claims by the doctrine of governmental immunity); *City of Atlanta v. Chambers*, 205 Ga. App. 834, 839 (424 SE2d 19) (1992) (trial court correctly granted summary judgment on negligent retention and negligent entrustment claims because "garbage collection by the City is a *governmental* function, for the *negligent* performance of which the City would be immune from liability"); *Sinkfield v. Pike,* 201 Ga. App. 652, 653 (411 SE2d 889) (1991) (Because the operation of a fire

4

department is a governmental function, the City is immune from any liability for Pike's actions regardless of whether his actions were discretionary or ministerial and even if he was negligent). Compare *City of Atlanta v. Atlantic Realty Co.* 205 Ga. App. 1, 3 (421 SE2d 113) (1992) ("A municipality's function of maintaining its streets and sidewalks in a safe condition has been held to be ministerial in nature."); *City Council of Augusta v. Hudson*, 94 Ga. 135 (21 SE 289) (1894) (City liable in negligence where it operated a toll bridge for profit).

Further, "[e]mployment decisions, including the retention, hiring and supervision of employees, "necessarily require consideration of numerous factors and the exercise of deliberation and judgment. They are therefore precisely the types of administrative action the discretionary function exception seeks to shield from judicial second-guessing." *Doss v. City of Savannah*, 290 Ga. App. 670, 675 (660 SE2d 457) (2008).

The trial court, in denying the City's motion, relied on *City of Thomasville v. Shank*, 263 Ga. 624 (437 SE2d 306) (1993). That case involved a claim for nuisance, however and, as previously stated, the City is not appealing the denial of summary judgment on that claim. The case does support the conclusion that the City is entitled to sovereign immunity on the negligence claims. In that case, a homeowner sued

5

because her house had been flooded with raw sewage. The court held: "the doctrine of sovereign immunity and the nuisance exception which makes municipalities liable for maintaining a nuisance have co-existed for many years in this state. Thus, *although it enjoys the protection of sovereign immunity in negligence actions*, a municipality like any other individual or private corporation may be liable for damages it causes to a third party from the operation or maintenance of a nuisance, irrespective of whether it is exercising a governmental or ministerial function." Id. (emphasis supplied).

Likewise, in the case before us, we conclude that the City was exercising a governmental function when it demolished the abandoned house that Durham claimed was a nuisance. Therefore, the City is entitled to sovereign immunity on Durham's negligence claims and the trial court erred in not granting the City's motion to dismiss those claims.

*Judgment affirmed in part and reversed in part. Dillard and McMillian, JJ., concur.*