**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**March 16, 2016**

# In the Court of Appeals of Georgia

A15A2081. CALLOWAY et al. v. CITY OF WARNER ROBINS et
al.

MCFADDEN, Judge.

The appeal in this wrongful death action is from the grant of summary judgment to a city and city clerk on sovereign immunity grounds. Because there exist no genuine issues of material fact as to the applicability of the doctrine of sovereign immunity, we affirm.

"Summary judgment is appropriate when no genuine issues of material fact remain and the moving party is entitled to judgment as a matter of law." *Stennette v. Miller*, 316 Ga. App. 425, 426 (729 SE2d 559) (2012) (citation omitted). On appeal, we review a trial court's grant or denial of summary judgment de novo, construing the evidence and all reasonable inferences therefrom in the light most favorable to the

nonmoving party. *SKC, Inc. v. eMag Solutions*, 326 Ga. App. 798 (755 SE2d 298) (2014).

So viewed, the evidence shows that the City of Warner Robins issued a business license/occupation tax permit to Sheila Henderson, authorizing her to operate a child day care service. On July 31, 2011, three-year-old Andrew Calloway was at the day care facility when he died of heat stroke. He had been left inside an automobile for several hours. Andrew and Brittany Calloway, the child's parents, filed a wrongful death action against Henderson, and day care workers Martha Andrews and Johnnie Mae Grayer - as well as the City of Warner Robins, and City Clerk Alton Mattox.

With regard to the city and Mattox, the complaint alleged that they had negligently issued the business license to Henderson without following certain procedures. The city and the city clerk moved for summary judgment, and the trial court granted the motion on the grounds that the claims against them are barred by the doctrine of sovereign immunity and that their conduct did not proximately cause the child's death. The Calloways appeal.

1. *Sovereign immunity.*

The Calloways contend that the trial court erred in finding that both the City of Warner Robins and the city clerk are immune from suit under the doctrine of sovereign immunity. We disagree.

As our Supreme Court has explained, the question of sovereign immunity turns, in this context, on the distinction between ministerial duties and governmental functions.

> Under Georgia law, municipal corporations are protected by sovereign immunity pursuant not to Article I of the Constitution but rather Article IX, Section II, Paragraph IX, unless that immunity is waived by the General Assembly. With particular regard to municipal corporations, our General Assembly has enacted OCGA § 36-33-1 which reiterates that 'it is the public policy of the State of Georgia that there is no waiver of the sovereign immunity of municipal corporations of the state and such municipal corporations shall be immune from liability from damages.' OCGA § 36-33-1 (a). The same statute, however, also provides for a narrow waiver of a municipal corporation's sovereign immunity, expressly providing in subsection (b) that 'municipal corporations shall not be liable for failure to perform or for errors in performing their legislative or judicial powers. For neglect to perform or for improper or unskillful performance of their ministerial duties, they shall be liable.' OCGA § 36-33-1 (b). This provision has for more than a century been interpreted to mean that municipal corporations are immune from liability for acts taken in performance of a governmental function but may be liable for the negligent performance of their ministerial duties. The propriety of the trial court's ruling on [the] motion [for summary judgment] thus turns on whether [the city and the clerk's issuance of a business license] involved a governmental function."

*City of Atlanta v. Mitcham*, 296 Ga. 576, 577-578 (1) (769 SE2d 320) (2015) (citations and punctuation omitted).

a. *City of Warner Robins.*

As the trial court correctly found, a municipality's "issuance of a permit or license is a governmental function[.]" *Boatwright v. Flemington*, 189 Ga. App. 676, 677 (3) (377 SE2d 1) (1988), reversed on other grounds by *Flemington v. Boatwright*, 259 Ga. 175 (377 SE2d 843) (1989). See also *City of Thomson v. Davis*, 92 Ga. App. 216, 218-219 (1) (88 SE2d 300) (1955) (municipality's act of granting or revoking a business license constitutes a governmental function). Thus, even assuming, as alleged in the complaint, that the City of Warner Robins negligently issued the business license to Henderson, the city is still immune from suit for the negligent exercise of that governmental function. Under the doctrine of sovereign immunity, a "municipality is exempt from liability for an injury resulting from the failure to exercise [governmental functions] or from their improper or negligent exercise." *City of Atlanta*, supra at 579 (2) (citation omitted). See also *Hurley v. City of Atlanta*, 208 Ga. 457, 458 (67 SE2d 571) (1951) (city not liable for negligent performance of governmental function). And because there is no evidence of a "waiver of the [c]ity's sovereign immunity in this case, [the Calloways are] precluded from pursuing [their]

4

negligence claims against . . . the City [of Warner Robins.]" *City of Atlanta*, supra at 583 (3) (citations omitted).

b. *City Clerk Mattox.*

The Calloways argue that City Clerk Mattox was sued in his individual capacity and thus is not entitled to the protection of sovereign immunity. However, a review of the complaint plainly contradicts the argument and reveals that Mattox was sued only in his official capacity. The style of the complaint does not indicate, as it did with other named defendants, that Mattox was being sued in his individual capacity; rather, it named Mattox as a defendant only "in his Official Capacity as City Clerk of City of Warner Robins, Georgia." Moreover, the body of the complaint identified Mattox as the city clerk and averred that he "served in this capacity at all times relevant to the facts underlying this lawsuit." Likewise, the complaint also stated that "[a]t all times relevant to the facts set forth in this Complaint, Defendant Mattox was acting under his authority as the City Clerk of Warner Robins and to further the business of the City of Warner Robins." Thus, it is clear that Mattox was not sued in his individual capacity and was instead sued only in his official capacity. See *Board of Commissioners of Glynn County v. Johnson*, 311 Ga. App. 867, 871-873

5

(2) (717 SE2d 272) (2011) (complaint clearly showed that members of board of commissioners were sued only in their official capacities).

"Suits against public employees in their official capacities are in reality suits against the state and, therefore, involve sovereign immunity." *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) (citation and punctuation omitted). The Calloways are therefore precluded from pursuing their negligence claims against Mattox in his official capacity. See *City of Atlanta*, supra. Accordingly, "we affirm the trial court's [summary judgment] order as to [the] claims asserted against [Mattox] in his official capacity." *Jobling v. Shelton*, 334 Ga. App. 483, 486 (1) (779 SE2d 705) (2015). See also *Campbell v. Goode*, 304 Ga. App. 47, 50 (2) (695 SE2d 44) (2010) (claim against a city police officer in his official capacity was, in reality, a suit against the city and was thus barred by sovereign immunity).

2. *Proximate cause.*

Because of our holdings above affirming the grant of summary judgment to the city and city clerk on sovereign immunity grounds, we need not address "the alternative ground [of no proximate cause] relied upon by the trial court." *Gwinnett Place Associates v. Pharr Engineering*, 215 Ga. App. 53, 55 (2) (449 SE2d 889) (1994).

6

*Judgment affirmed. Ellington, P. J., and Dillard, J., concur.*